**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ALEX GILBERT | ) ) ) |
| Plaintiff, | ) ) ) No. 02 C 2388 |
| v. | ) ) ) HONORABLE DAVID H. COAR |
| GEORGE WELBORN | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Petitioner Alex Gilbert's ("Gilbert" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1996). For the reasons discussed below, this court denies the petition.

**I.     Facts**

Petitioner Alex Gilbert entered a negotiated guilty plea to first-degree murder based on accountability in the Circuit Court of Cook County on November 10, 1993 and was sentenced to thirty years in prison. This sentence arose from the murder of Kevin Heard on the early morning of July 5, 1992. Petitioner, who was then fourteen years old, was arrested at 9:30 a.m. on July 6, 1992, at his home. The police did not inform Petitioner's mother, who was not at home at the time, of Petitioner's arrest. He was taken to the police station, advised of his *Miranda* rights in the presence of a youth officer, and questioned. Petitioner denied that he was present when the victim was shot. At 12:30 p.m., the investigating officers put Petitioner in a line-up with three seventeen year-old boys. An eyewitness identified Petitioner as the person she had seen at the

-1-

scene of the shooting identifying the victim as a member of the rival gang immediately before Petitioner's co-defendant shot at the victim's car. The officers informed Petitioner that he had been identified and questioned him again. Petitioner's mother, who had learned of Petitioner's arrest from a neighbor, arrived at the police station at approximately 2:30 p.m. She asked repeatedly to see Petitioner and was denied. At some point between 12:30 p.m. and approximately 7:00 p.m., Petitioner made a confession to the police. The confession stated that Petitioner, who was then fourteen years old, mistakenly identified the victim as a member of a rival gang because of the way that the victim was wearing a baseball cap; the victim was then fatally shot by Petitioner's co-defendant, a member of Petitioner's gang. The confession was reduced to a written statement by an Assistant State's Attorney and Petitioner signed it. Petitioner states that over the course of his interrogation he asked several times to speak to his mother or to an attorney. As the police were transporting Petitioner from the interview room to the jail, Petitioner saw his mother in the waiting area and told her that he had signed something. Petitioner states that he told his mother to call a lawyer.

On November 10, 1993, Petitioner, represented by a Cook County Public Defender, entered a negotiated guilty plea to a charge of first-degree murder based on accountability. Petitioner was charged as an adult. The parties stipulated that the factual basis for Petitioner's plea included Petitioner's confession, the eyewitness identification, and forensic evidence from the medical examiner and a weapons expert. (Change of Plea tr., at 8-22.) Petitioner was then sentenced.

## II. Procedural History

Petitioner subsequently filed a *pro se* post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* (West 1996). The trial court appointed counsel for the Petitioner, who filed an amended, supplemental post-conviction petition. Specifically, Petitioner alleged that his guilty plea was involuntary because it was based on a confession obtained in violation of his due process rights; Petitioner also claimed ineffective assistance of counsel because his attorney failed to file a motion to suppress the confession. The State filed a motion to dismiss and the trial court granted that motion without holding an evidentiary hearing. The trial court additionally concluded that Petitioner's substantive claims lacked merit. Petitioner then appealed to the Illinois Appellate Court, arguing that the trial court erred in finding that it lacked jurisdiction to conduct an evidentiary hearing. Petitioner contended that he could attack his guilty plea collaterally on the ground that it was motivated by an involuntary confession if he also raised a claim of ineffective assistance of counsel, which he had done. The State argued in its opposition brief that Petitioner's claims were without merit and that the trial court was therefore without authority to hear them.

The Illinois Appellate Court held that the trial court was incorrect in finding it lacked jurisdiction over Petitioner's substantive claims. *People v. Gilbert*, No. 99-3363, slip op. (Ill. App. Ct. Oct. 30, 2001). The appellate court conducted a *de novo* review of the trial court's dismissal of Petitioner's post-conviction petition without an evidentiary hearing. The appellate court addressed Petitioner's contention that his guilty plea was not knowing or voluntary and found that the trial court had met substantially complied with the requirements of Illinois Supreme Court Rule 402. ILCS S. Ct. R. 402. Rule 402 requires a trial court to admonish a

defendant as to the nature of the charges against him, inform the defendant of his right to a jury trial and his right to confront witnesses against him, before accepting a guilty plea. Petitioner did not allege that the trial court failed to substantially comply with Rule 402. The appellate court examined the trial court record and found that "the trial court properly dismissed defendant's petition" on the basis that the record refuted his assertion that his plea was not knowingly or voluntarily entered. *Gilbert*, No. 99-3363, slip op. at 10

The appellate court then analyzed Petitioner's claim that his trial counsel was ineffective for failing to file a motion to suppress Petitioner's allegedly involuntary confession. The appellate court stated that Petitioner had to "show that his counsel's performance was deficient in that it fell below an objective standard of reasonableness," and that this deficient performance "so prejudiced him that there is a reasonable probability that the outcome would have been different without counsel's errors." *Id.* at 10 (citing *People v. Cloutier*, 191 Ill. 2d 392, 398 (2000)). Specifically, the court stated that the Petitioner "must show that the motion would have been granted and that the trial outcome would have been different if the evidence had been suppressed." *Id.* at 11 (citing *People v. Rodriguez*, 312 Ill. App. 3d 920, 925 (2000)).

The court first examined the voluntariness of Petitioner's confession by analyzing the totality of the circumstances. The court listed the factors it must consider in a voluntariness determination and provided some additional considerations used when analyzing a confession by a juvenile. The additional factors included time of day of questioning, and the presence or absence of a parent or other interested adult. *Id.* at 12 (citing *People v. McNeal*, 298 Ill. App. 3d 379, 391 (1998)). The court stated that Petitioner's involuntariness argument was based on the fact that he was not allowed to speak with his mother before or during his interrogation. There is,

however, no *per se* right for a juvenile either to have a parent present during questioning or to consult with a parent before questioning. *Id.* (citing *People v. Pogue*, 312 Ill. App. 3d 719, 728 (1999)). Although absence of a parent is one factor a court will consider during a voluntariness determination, the appellate court stated that it "is not determinative of whether a juvenile's confession should be suppressed." *Id.* The court then found that Petitioner's claim, even with his mother's supporting affidavit (stating that she had been present at the police station and asking to see her son,) was insufficient to support a finding of involuntariness. In addition, the court found that Petitioner failed to show that his trial counsel would have been able to prove that the confession was involuntary. Instead, the court stated that the trial record showed that the confession and the subsequent plea were voluntary. Moreover, the appellate court stated that "[c]ounsel was not deficient and defendant was not prejudiced because the stipulated evidence apart from the confession was sufficient to show a factual basis for defendant's plea." *Id.* at 13.

Petitioner then filed a petition for leave to appeal to the Illinois Supreme Court, which was denied. He subsequently filed a motion for rehearing with the Illinois Supreme Court, which the Court treated as a motion for leave to file a motion for reconsideration and denied.

Petitioner then came into federal court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, originally filed in April 2002. In August 2004, this court ordered the appointment of counsel for the Petitioner. In his Memorandum in Support of the Petition for Writ of Habeas Corpus, Petitioner asserts that he is entitled to relief on his claim of involuntary confession and that he was denied effective assistance of counsel. With regard to his confession, he alleges that the State has improperly attempted to narrow his voluntariness claim to whether the failure to allow his mother to consult with him before or during his interrogation violated his

due process rights. In fact, he contends, he had preserved a broader involuntariness claim because he had asserted repeatedly that the initial search and seizure of his home was done without his permission; that he was denied an attorney after he asked for one during his interrogation; that he was denied an attorney after his mother, who was present at the police station, asked for one to be provided; and that he was interrogated without a parent or interested adult present. He further contends that the Illinois Appellate Court based its determination that his confession and guilty plea were voluntary on an "almost nonexistent" record, noting that the record does not account for the full ten hours he was in police custody and that the court did not address the problems with the line-up the police conducted. As to his claim of ineffective assistance of counsel, Petitioner contends that his trial court attorney's failure to file a motion to suppress the confession fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668 (1984). Moreover, he contends that the state appellate court failed to properly and thoroughly analyze the totality of circumstances involving the confession as required by the United States Supreme Court.

In its response, the State asserts that Petitioner's involuntary confession claim is non-cognizable because Petitioner admitted in open court that he was guilty of the offense when he entered his plea. The only way he could now raise independent claims about constitutional violations that allegedly occurred prior to his guilty plea would be to allege that his counsel was ineffective and that it was because of that ineffectiveness that he entered the plea. The State contends that Petitioner's claim of ineffective assistance of counsel for failure to move to suppress the confession is likewise non-cognizable because it seeks to collaterally attack the conviction for alleged constitutional violations that preceded the guilty plea. The State contends

that Petitioner only argues that his counsel should have moved to suppress his confession and does not argue that his counsel's ineffectiveness caused him to enter a plea that was not voluntary and intelligent. Finally, the State argues that if the court inferred a claim of ineffective assistance of counsel that caused Petitioner to enter an involuntary guilty plea, that claim would be procedurally defaulted and without merit. The State contends that Petitioner failed to raise a claim that his plea was involuntary because of ineffective assistance of counsel at every level in the Illinois courts, and that he specifically omitted this claim in his Petition for Leave to Appeal. In addition, the State asserts that the Illinois Appellate Court ruled that Petitioner's ineffective assistance of counsel fails on the merits and that this ruling was not an unreasonable application of clearly established United States Supreme Court case law. 28 U.S.C. § 2254(d)(1).

**III.     Analysis**

    **A.     Exhaustion of State Court Remedies**

Before a federal court can address the merits of a habeas claim under Section 2254, the petitioner must have both exhausted his state court remedies and avoided any procedural default. 28 U.S.C. § 2254(b)(1); *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996). Here, there is no argument as to exhaustion; Petitioner clearly gave the state courts a full opportunity to resolve his constitutional claims on post-conviction review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

    **B.     Procedural Default**

Procedural default occurs when a petitioner failed to present a federal constitutional claim fairly to the state courts so that they could decide it before raising it in the federal habeas proceeding, *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000); or when the state court

rejected the claim on an independent and adequate state law ground, *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A claim that is otherwise barred for procedural default will only be cognizable in federal habeas proceedings if the petitioner can show "cause for the procedural default and actual prejudice as a result of the alleged violation of federal law," or can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The State argues that Petitioner procedurally defaulted his claim of an involuntary plea due to ineffective assistance of counsel. Specifically, the State contends that Petitioner failed to present this the facts and controlling legal principles of this argument to the Illinois Supreme Court in his Petition for Leave to Appeal except as a "buried argument." Ans. Br. at 6. The State notes in a footnote that Petitioner's "petition for rehearing" "may have cited the proper facts and authority," Ans. Br. at 6, n.4, but contends that this is insufficient to prevent procedural default. The State's argument seeks to prove too much. Petitioner filed his petition for leave to appeal *pro se* and this court finds that it is not unreasonable to determine that the Illinois Supreme Court viewed his petition with that fact in mind. Given the summary denial of his petition, it is not unreasonable to find that Petitioner did raise his claim at all levels of the state court. This court does not share the State's view that Petitioner made a "buried argument" and for that reason finds that Petitioner's claim is not procedurally defaulted.

### C. Unreasonable Application of Clearly Established Federal Law

Petitioner's habeas petition must be evaluated under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320 (1997). Under applicable law, habeas relief is warranted when the state court's

adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" as determined by the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000). The AEDPA creates a "highly deferential standard" and requires federal courts to defer to the legal and factual dispositions of the state court unless they meet the narrow exception set out in *Williams*. When the claim falls under § 2254(d)(1)'s "contrary to" clause, the federal court will review the state court decision *de novo* to determine what the clearly established federal law is and whether the state court decision is contrary to that precedent. When, however, the claim falls under the "unreasonable application" clause, the federal court defers to a reasonable state court decision. *Anderson v. Cowan*, 227 F.3d 893, 897 (7th Cir. 2000). "Unreasonable" does not simply mean "incorrect," but rather something akin to "outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002) (citing *Williams*, 529 U.S. at 411).

    1.  **Involuntariness of Confession**

  Petitioner contends that his confession was involuntary and that it should have been suppressed; because it was not suppressed, he contends that his guilty plea was also involuntary. The Illinois Appellate Court examined Petitioner's involuntary confession claim and found that it lacked merit. The question for this court is whether that finding was contrary to or an unreasonable application of clearly established federal law.

  The voluntariness of all confessions, including those of juveniles, must be evaluated on the totality of the circumstances. *Schneckloth v. Bustamante*, 412 U.S. 218 (1973); *Gallegos v. Colorado*, 370 U.S. 49 (1962). The United States Supreme Court long ago recognized the need for "special caution" when evaluating the voluntariness of a confession by a juvenile. *In re*

*Gault*, 387 U.S. 1, 45 (1967). Among the factors that the Court examines are the youth of the accused, his education level and prior experience with the criminal justice system, the length of detention, whether the questioning was prolonged or repeated, and the presence or absence of a parent, lawyer, or other friendly, interested adult during the interrogation. *Scheckloth*, 412 U.S. at 226, *Gallegos*, 370 U.S. at 54-55, *Haley v. Ohio*, 332 U.S. 596, 599-600 (1948).

The Illinois Appellate Court did examine the totality of the circumstances of the confession. First, the appellate court described the totality of the circumstances standard, including the additional factors involved when the petitioner was a juvenile at the time of the confession. *People v. Gilbert*, No. 99-3393, slip op., at 11-12. The Illinois Appellate Court found that Petitioner had not raised any factor except the absence of a parent during interrogation. However, it determined that this was insufficient to overcome the trial court's finding of voluntariness, and affirmed the trial court's dismissal of Petitioner's post-conviction petition.

The Illinois Appellate Court and the Illinois trial courts applied the correct rule in evaluating the voluntariness of Petitioner's confession. In order to get habeas relief, Petitioner must show that the state courts applied that rule unreasonably. 28 U.S.C. § 2254(d)(1). To that end, Petitioner argues that his youth (fourteen years old); the length of detention (approximately ten hours); his lack of prior experience with the criminal justice system; and the absence of a parent during questioning, even though his mother was at the police station asking to see him, render his confession involuntary.

The Petitioner likens his situation to that of the juvenile defendants in *Haley, Gault*, and *Gallegos*, all of whom were younger than sixteen, and subjected to multiple hours of interrogation without the presence of a parent or interested and effective adult advisor. This court

is sympathetic to Petitioner's argument. Petitioner's youth and relative inexperience with the criminal justice system raise strong cautionary flags for a voluntariness analysis. The fact that Petitioner's mother was at the police station, asking to see her son, from 2:30 p.m. until 7:00 p.m., when Petitioner was transported to the jail, is deeply troubling, even alarming. However, the United States Supreme Court has held that the absence of a friendly adult is, taken alone, insufficient to require suppression of a juvenile confession. *Fare v. Michael C.*, 442 U.S. 707, 725 (1979). The Seventh Circuit has stated that the absence of an interested adult when a juvenile confesses "cannot be deemed dispositive." *Hardaway*, 302 F.3d at 765. As in the *Hardaway* case, Petitioner was only fourteen years old when he was arrested and brought to the police station for interrogation. He was questioned without a parent present over a period of almost ten hours between 9:30 a.m. and 7:00 p.m. He stated in his confession that he was given food and drink and was not mistreated or coerced. The state appellate court examined all of these factors and noted that Petitioner "made no argument in the trial court nor on appeal with respect to any of the factors listed above except that he was not allowed to speak with his mother before or during questioning." *Gilbert*, No. 99-3393, slip op. at 12. Petitioner does not allege that he was not given his *Miranda* warnings or that he did not understand them. He does not allege that he was physically threatened or mistreated. It is true that a fourteen year old, alone in an interrogation room without a parent present, may experience psychological and emotional pressure that an older, more mature adult would not. But the AEDPA does not permit a federal court to conduct such a searching review of the state court decisions. The state court applied the correct legal standard and weighed the Petitioner's arguments. There is insufficient evidence in

the record before us to find that the state court was unreasonable when it determined that the Petitioner's confession was not involuntary.

## 2. Ineffectiveness of Counsel

The AEDPA requires a federal court to give strict deference to a state court decision. In this case, the Illinois Appellate Court not only found that Petitioner's confession was not involuntary, but also found that Petitioner was not prejudiced by his counsel's failure to file a motion to suppress the confession.

In order to raise his involuntary confession argument, Petitioner was compelled to claim that he received ineffective assistance of counsel. Petitioner raised this claim to the Illinois Appellate Court, which applied the well-known *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), standard requiring Petitioner to show that counsel's deficient performance was so prejudicial that there was a reasonable probability that they changed the outcome. The Illinois Appellate Court found that "the stipulated evidence apart from the confession was sufficient to show a factual basis for the defendant's plea." *Gilbert*, No. 99-3393, slip op., at 13. The state appellate court specifically referenced the eyewitness identification in its discussion of Petitioner's ineffective assistance of counsel claim. Put another way, the appellate court first found that Petitioner's confession was not involuntary and then found that, even if the confession had been involuntary, it made no difference because there was sufficient factual evidence (e.g., the eyewitness identification) to support the plea.

The standard that the Illinois Appellate Court used–a straightforward *Strickland* standard–is not the customary standard for evaluating an ineffective assistance of counsel claim in the context of a guilty plea. There, the court typically uses a modified version of the

*Strickland* standard, requiring the Petitioner to show that the counsel's representation fell below an objective standard of reasonableness; and that but for these errors, there is a reasonable probability that the petitioner would have gone to trial instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Acevedo-Carmona v. Walter*, 170 F. Supp. 2d 820, 824 (N.D. Ill. 2001). However, "[a] state court decision must be more than incorrect from the point of view of the federal court; AEDPA requires that it be ... outside the boundaries of permissible differences of opinion." *Hardaway*, 302 F.3d at 762.

The fact that the Illinois court used a different standard does not help Petitioner here, however, because he did not allege facts showing that there was a reasonable probability that he would have gone to trial rather than enter a guilty plea. Petitioner raises no argument about the eyewitness evidence and does not claim that he entered his plea because, for example, his attorney told him that the eyewitness evidence would not have been sufficient for a jury to convict him without the confession. Petitioner does not submit an affidavit from his trial counsel, which might have served as evidence regarding trial strategy and demonstrated the reasoning behind Petitioner's guilty plea. This court is therefore in the position of trying to prove a negative: that is, in order to grant habeas relief, this court must find that if the confession had been suppressed, the outcome of Petitioner's case would have been different. Petitioner contends that he would have gone to trial if the confession had been suppressed. But there is no factual support for that assertion in the record before this court: no affidavit from trial counsel and no argument that the Petitioner agreed to enter a guilty plea only because of the other evidence and not because of the confession. It is not apparent that the eyewitness testimony was so unreliable that a reasonable defendant would have gone to trial if the state's case rested primarily on that

testimony. Without factual support for Petitioner's argument, this court cannot find that the Illinois Appellate Court applied clearly established federal law in an unreasonable manner.

## Conclusion

For the foregoing reasons, this court denies Petitioner's Petition for a Writ of Habeas Corpus.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **June 16, 2005**