**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES ex rel. ALEX GILBERT )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>GEORGE WELBORN )<br>)<br>**Defendant.** ) | No. 02-C-2388<br><br>HONORABLE DAVID H. COAR |

**MEMORANDUM OPINION AND ORDER**

Petitioner Alex Gilbert ("Petitioner" or "Gilbert") filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254. This Court denied the petition. On July 14, 2005, Petitioner filed a timely Notice of Appeal. Pursuant to Federal Rule of Appellate Procedure 22(b) and Circuit Rule 22.1, this Court must issue a certificate of appealability or state the reasons why such a certificate should not issue before an appeal can be taken. For the reasons stated in this opinion, the Certificate of Appealability is denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner plead guilty to first-degree murder based on a theory of accountability. He received a thirty year prison sentence. On appeal of the trial court's denial of his post-conviction petition, the Illinois Appellate Court upheld the trial court's dismissal, finding that Petitioner's claims of involuntary guilty plea, ineffective assistance of counsel, and involuntary confession were not supported by the record. *People v. Gilbert*, No. 99-3363, slip op. (Ill. App. Ct. Oct. 30, 2001). When his efforts for collateral relief in state court failed, he filed a timely habeas corpus petition in this Court. This Court appointed counsel to represent Petitioner in his habeas

proceeding. Petitioner's habeas claims were based on involuntary confession and ineffective assistance of counsel. This Court denied his petition on June 16, 2005. *See United States ex rel. Gilbert v. Welborn*, No. 02-C-2388, slip op. (N.D. Ill. June 16, 2005).

Petitioner, acting through his appointed counsel, now seeks a certificate of appealability ("COA"). His Notice of Appeal does not specify the grounds on which he appeals, so this Court will proceed by assuming that he is reasserting the grounds contained in his habeas petition. Thus, Petitioner seeks a COA on claims of involuntary confession and ineffective assistance of counsel in his state court proceedings.

## II.     STANDARD OF REVIEW

A petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set out how a district court should evaluate a request for a COA in *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying constitutional claim," a COA should issue if jurists of reason could debate whether the petition states a valid claim of the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. *Id.* at 478.

The Supreme Court has held that a petitioner does not need to demonstrate that he will prevail in order to receive a COA. *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) ("[A] COA does not require a showing that the appeal will succeed."). Rather, a petitioner simply must show that the reasonable jurists might disagree with the Court's decision. "[A] claim can be debatable even though every jurist of reason might agree . . .that petitioner will not prevail." *Id.* 537 U.S. at 338.

### III. INVOLUNTARY CONFESSION

Petitioner seeks a COA on his involuntary confession claim. This Court held that the state court applied the correct rule to Petitioner's involuntary confession claim. In determining whether the state court was also reasonable, this Court noted that it found the facts of Petitioner's police station interrogation alarming and was sympathetic to his argument. Ultimately, however, this Court held that United States Supreme Court case law indicating that the absence of a friendly adult is insufficient to require suppression of a juvenile confession, and Seventh Circuit precedent holding that the absence of an interested adult during questioning "cannot be dispositive" demonstrated that the state court was reasonable. Federal court review of habeas petitions from state court convictions has been increasingly limited and comprises largely a procedural review of the state court's methodology. Habeas petitions are not avenues to relitigate all the underlying issues of the original conviction. The standard of review for a COA is even more restricted. The question at this juncture is limited to whether reasonable jurists would find this Court's ruling open to debate. Because the state court both identified and applied the correct law as articulated by the United States Supreme Court and the Seventh Circuit, this Court does not believe that jurists of reason would find its decision to deny habeas relief to Petitioner on his

involuntary confession claim debatable or wrong. Consequently, Petitioner's request for a COA on his involuntary confession claim is denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner seeks a COA on his ineffective assistance of counsel claim. This Court denied Petitioner's habeas petition on ineffective assistance of counsel. Although this Court found that the state court applied a noncustomary standard of review, this was not "outside the boundaries of permissible opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). In addition, Petitioner failed to allege, either at the state court level or in his habeas petition to this Court, "facts showing that there was a reasonable probability that he would have gone to trial rather than enter a guilty plea." *United States ex rel. Gilbert v. Welborn*, No. 02-C-2388, slip op. at 13 (N.D. Ill. June 16, 2005). In addition, the state appellate court specifically referenced eyewitness identification evidence in its discussion of Petitioner's confession and found that such evidence provided sufficient factual support for the plea. This Court found that Petitioner failed to establish that the state court was unreasonable in its application of the law.

In order to receive a COA, however, reasonable jurists must be able to find this Court's decision debatable or wrong. Reasonable jurists might find that the state court's application of a straightforward, rather than modified *Strickland* standard, was not only incorrect but unreasonable. The straightforward *Strickland* standard applied by the state court required Petitioner to show that counsel's ineffective assistance was so prejudicial that there was a reasonable probability that it changed the outcome of the case. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). By contrast, the modified *Strickland* standard required the Petitioner to show that the counsel's representation fell below an objective standard of reasonableness; and

that but for this deficiency, there is a reasonable probability that the petitioner would have gone to trial instead of pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Acevedo-Carmona v. Walter*, 170 F. Supp. 2d 820, 824 (N.D. Ill. 2001). However, the fact that Petitioner simply did not produce evidence supporting his claim that he would have gone to trial rather than plead guilty remains fatal to Petitioner's ineffective assistance of counsel claim. This Court finds that reasonable jurists would not find its denial of this claim debatable or wrong. Consequently, Petitioner's request for a COA on his ineffective assistance of counsel claim is denied.

**Conclusion**

For the reasons set forth above, Petitioner's request for a certificate of appealability is denied.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: August 23, 2005